Mathew Higbee, Bar #: 11158
3110 West Cheyenne Ave., Ste. 200
North Las Vegas, NV 89032
T: (714) 600-8085
F: (866) 534-7049
Email: Mhigbee@higbeeassociates.com

Attorney for Plaintiff, Rodrigo Mijares

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
LAS VEGAS DIVISION**

| | |
|---|---|
| RODRIGO MIJARES, | Case No.: **2:21-cv-28** |
| Plaintiff, | |
| – vs – | PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |
| EQUIFAX INFORMATION SERIVCES, LLC., | |
| Defendant. | |

NOW COMES Plaintiff, RODRIGO MIJARES ("Plaintiff"), by and through his attorneys, hereby alleging the following against EQUIFAX INFORMATION SERIVCES, LLC. ("EQUIFAX") (collectively referred to as "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Report Act ,15 U.S.C. § 1681 *et seq*. ("FCRA"),

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Clark

1
PLAINTIFF'S COMPLAINT

County, in the City of Las Vegas, in the State of Nevada.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is business entity with its headquarters located in Atlanta, Georgia and conducting business in the State of Nevada.

5. Defendant EQUIFAX is a "person" at all times relevant as that term is defined by 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EQUIFAX, along with Experian and TransUnion, who are not parties to this matter, is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendants acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

12. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX and has suffered particularized and concrete harm in the form of emotional distress and the cost and time spent to correct the errors caused by Defendant's failure to follow reasonable procedures as required by the FCRA.

13. CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. On or about June 22, 2018, Plaintiff and Capital One Bank settled a credit card account ("Account") for $2,769.00.

15. Pursuant to the settlement agreement, upon receipt of payments totaling $2,769.00, Capital One Bank would consider the Account "settled for less than the full balance" and the CRAs would be informed as such.

16. Plaintiff satisfied the settlement terms by making a final payment, of $2,769.00 on June28, 2018.

17. On or about June 5, 2020, Plaintiff reviewed a copy of his credit report from EQUIFAX.

18. Despite Plaintiff's performance under the terms of the agreement, Capital One Bank reported incorrect information regarding the Account to the CRAs including, but not limited to, EQUIFAX.

19. Specifically, EQUIFAX reported the "incorrect payment history and balance", which Plaintiff had satisfied the term of the agreement in a timely manner.

20. On or about June 10, 2020, Plaintiff issued a dispute to EQUIFAX regarding the incorrect information being reported on the Account and provided EQUIFAX with a copy of the settlement for the Account.

21. Specifically, Plaintiff disputed the incorrect payment history as well as the incorrect balance that was reported.

22. Despite its responsibility as prescribed in 15 U.S.C. § 1681i, EQUIFAX failed to notify Capital One Bank of Plaintiff's dispute regarding the accuracy of the information they provided concerning the Account.

23. As of September 2, 2020, EQUIFAX continued to report the same inaccurate information regarding the Account.

24. The aforementioned information reported by EQUIFAX regarding the Account with Capital One Bank is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and Capital One Bank.

25. After receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b). These procedures included the duty to notify Capital One Bank of Plaintiff's dispute, allow Capital One Bank to investigate the dispute and insure that any inaccurate information is updated or corrected.

26. If EQUIFAX would have complied with its statutory duties it would have, at a minimum, notified Capital One Bank of the dispute.

27. As a result of this neglect of duty and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

30. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

31. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

32. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

33. In the alternative, EQUIFAX was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

34. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: January 6, 2021

*/s/ Mathew Higbee*
Mathew Higbee, Bar #: 11158
3110 West Cheyenne Ave., Ste. 200
North Las Vegas, NV 89032
T: (714) 600-8085
F: (866) 534-7049
Email:
Mhigbee@higbeeassociates.com

Attorneys for Plaintiff, Rodrigo Mijares

PLAINTIFF'S COMPLAINT